

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 28, 2020**

**United States Bankruptcy Judge**

___

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: § § BILLY MAX MCCLENDON AND § SHERRIE MCCLENDON. § § *Debtors.* § § | | Case No. 19-20351-rlj11 |
| BILLY MAX MCCLENDON AND § SHERRIE MCCLENDON § § § *Plaintiffs,* § § v. § § U.S. BANK TRUST NATIONAL § ASSOCIATION AS TRUSTEE OF § CABANA SERIES III TRUST, § And JOSE A. BALZADUA § § *Defendants.* § | | Adv. Proc. No. 19-02009-rlj |

## AGREED JUDGMENT

On the above date, came on to be heard the *Agreed Motion for Entry of Agreed Judgment*

(Adv. No. 19-02009-RLJ, Docket No. __) (the "Motion") filed by Billy Max McClendon and

Sherrie McClendon ("Plaintiffs or Debtors") and Defendants U.S. Bank Trust National Association as Trustee of Cabana Series III Trust ("U.S. Bank Trustee") and Jose A. Balzadua ("Balzadua") in the above referenced adversary (the "Adversary Proceeding").

Plaintiffs commenced the Adversary Proceeding against Defendants U.S. Bank Trustee and Balzadua on November 21, 2019, with the filing of their *Complaint to Avoid Wrongful Foreclosure and Substitute Trustee's Deed and to Determine the Nature, Extent, Validity and Priority of Liens* (the "Complaint"), wherein Plaintiffs requested a judgment from this Court declaring null and void U.S. Bank Trustee's Note, Deed of Trust, foreclosure sale and Substitute Trustee's Deed on Lots 1A, 1B, and 2A, Block 71 of Wolflin Park Unit No. 16, an addition in the City of Amarillo, Potter County, Texas ("Plaintiffs' homestead"); subordinating the claims of U.S. Bank to the allowed claims of unsecured creditors; and awarding the Plaintiffs actual, statutory and punitive damages and attorneys' fees and costs of suit. Defendants filed an answer to the Complaint on May 4, 2020.

As evidenced by the signatures of the parties' counsel appearing below, Plaintiffs and Defendants have entered into an Agreed Judgment with respect to the relief sought by Plaintiffs against the Defendants and allowing Defendant U.S. Bank Trustee an unsecured claim against the Estate of the Debtors in Possession. Upon consideration of the Motion, as well as the parties' agreements contained herein, the Court hereby grants the parties' request for entry of an Agreed Judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted as set forth herein;

2. This Adversary Proceeding is stayed;

3. Defendant, U.S. Bank Trustee shall be entitled to file a proof of claim in the Plaintiffs' underlying bankruptcy case 19-20351-rlj11 and have said claim deemed timely filed;

4. U.S. Bank Trustee's Claim in the underlying bankruptcy case 19-20351-rlj11 shall be allowed as an unsecured claim in the amount of $125,068.26 and paid as Class 5 under the Debtors' Amended Disclosure Statement and Plan of Reorganization;

5. The Debtors shall pay U.S. Bank Trustee's $125,068.26 allowed unsecured claim in full on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization;

6. Following entry of this Order, Debtors shall be responsible for maintaining and paying all real property taxes and hazard insurance on the Plaintiffs' homestead directly to the taxing authority, and insurance carrier as required by the Note and Deed of Trust, and upon request, providing U.S. Bank Trustee with proof of payment of real property taxes and valid hazard insurance for the Plaintiffs' homestead with U.S. Bank Trustee identified as a loss payee. In the event that Debtors fail to pay the amounts necessary to maintain taxes and insurance on the Property or provide proof to U.S. Bank trustee upon request, U.S. Bank trustee shall be entitled to advance funds to pay those obligations and recover said funds from Debtors by adding said advances to the total amount of U.S. Bank Trustee's $125,068.26 unsecured claim to be paid in full by Debtors on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization;

7. If the Debtors pay U.S. Bank Trustee's $125,068.26 allowed unsecured claim, plus any applicable advances provided for in paragraph 6, in full on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization, the following instruments executed by the one or more of the parties' or their predecessors in interest are hereby decreed to be null and void: (a) The Consumer Deed of Trust dated September 17, 1999 and recorded at volume 2901, page 307 of the Official Public Records of Potter County, Texas (Exhibit 1 to the Complaint); (b) the Fixed Rate First Deed of Trust Promissory Note dated September 14, 1999 (Exhibit 2 to the Complaint);  (c) the Modification and Extension of Promissory Note/Deed of Trust dated April 20, 2000 recorded at volume 2958, page 444 of the Official Public Records of Potter County, Texas (Exhibit 3 to the Complaint); (d) the Reinstatement and Modification Agreement dated June 2, 2003 and recorded at volume 3340, page 102 of the Official Public Records of Potter County, Texas (Exhibit 4 to the Complaint); (e) the Loan Modification Agreement dated May 2, 2006 recorded as Document No. 2006014702 of the Official Public Records of Randall County, Texas (Exhibit 5 to the Complaint); (f) the Loan Modification Agreement dated April 30, 2010 (Exhibit 6 to the Complaint); (g) the Substitute Trustee's Deed dated November 6, 2019 and recorded as Document No. 2019OPR0015075 in the Official Public Records of Potter County, Texas (Exhibit 7 to the Complaint); and if a buyer or title insurer of Plaintiffs' homestead requests a written release by one or both Defendants of one or more of the instruments listed in paragraph 7, the Defendants are directed to provide such written release; and the foreclosure sale

on Plaintiffs' homestead conducted by Defendants on November 5, 2019 is declared to be null and void; and any lien of any kind claimed by Defendants or either of them on Plaintiffs' homestead or the Property of the Estate in this bankruptcy proceeding is declared to be null and void;

8. Furthermore, if the Debtors pay U.S. Bank Trustee's $125,068.26 allowed unsecured claim, plus any applicable advances provided for in paragraph 6, in full on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization, the Adversary Proceeding and Complaint shall be dismissed upon request of either party.

9. If Debtors fail to pay U.S. Bank Trustee's $125,068.26 allowed unsecured claim, plus any applicable advances provided for in paragraph 6, in full on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization, then the stay of this adversary proceeding will be lifted upon request of either party and a new scheduling order will be entered by the Court;

10. U.S. Bank Trust National Association as Trustee of Cabana Series III's Motion to Dismiss or Convert to Chapter 7 in the Alternative (Bk. Dkt. 51) is withdrawn without prejudice to the refiling of the Motion if the Debtors fail to pay U.S. Bank Trustee's $125,068.26 allowed unsecured claim, plus any applicable advances provided for in paragraph 6, in full on or before the second anniversary of the Effective Date of the Debtors' Plan of Reorganization or otherwise default on the terms of the Plan;

11. Defendants Objections to Debtors' Disclosure Statement under Chapter 11 (Bk. Dkt. 61) are withdrawn;

12. Debtors shall incorporate into the Chapter 11 Plan the terms of this order. In the event of any discrepancy between the terms of this order and the terms of the Debtor's Plan, the terms of this order shall control the treatment of U.S. Bank Trustee's claim.

13. Each party shall bear that party's own attorneys' fees and costs incurred in the Adversary Proceeding, underlying bankruptcy case, and incident to the negotiation and preparation of this order.

###END OF ORDER###

DATED: 8-27-20

Billy Max McClendon

DATED: 8-27-20

Sherrie McClendon

DATED: _____

BY: _____
TITLE: _____
U.S. Bank Trust National Association as Trustee of Cabana Series III Trust

**APPROVED AS TO FORM AND ENTRY REQUESTED BY:**

**MULLIN HOARD & BROWN, LLP**
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: dmullin@mhba.com
Email: dlangston@mhba.com

By: __/s/ David Mullin__
   David Mullin, SBN: 14651600
   David Langston, SBN: 11923800
   Richard Biggs, SBN: 24064899
   *Attorneys for Plaintiffs*

**GHIDOTTI | BERGER LLP**
600 East John Carpenter Fwy., Ste 175
Irving, Texas 75062
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: amarth@ghidottiberger.com

By:/s/ Angie Marth
Angie Marth SBN: 24046353
*Attorneys for Defendants*

Agreed Final Judgment                Page 6 of 6

12. Debtors shall incorporate into the Chapter 11 Plan the terms of this order. In the event of any discrepancy between the terms of this order and the terms of the Debtor's Plan, the terms of this order shall control the treatment of U.S. Bank Trustee's claim.

13. Each party shall bear that party's own attorneys' fees and costs incurred in the Adversary Proceeding, underlying bankruptcy case, and incident to the negotiation and preparation of this order.

###END OF ORDER###

DATED: _____

_____
Billy Max McClendon

DATED: _____

_____
Sherrie McClendon

DATED: _____

BY: *Kathryn Watson*
TITLE: *Bankruptcy Account Manager*
U.S. Bank Trust National Association as Trustee of Cabana Series III Trust

**APPROVED AS TO FORM AND ENTRY REQUESTED BY:**

**MULLIN HOARD & BROWN, LLP**
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: dmullin@mhba.com
Email: dlangston@mhba.com

By: __/s/ David Mullin__
    David Mullin, SBN: 14651600
    David Langston, SBN: 11923800
    Richard Biggs, SBN: 24064899
    *Attorneys for Plaintiffs*

**GHIDOTTI | BERGER LLP**
600 East John Carpenter Fwy., Ste 175
Irving, Texas 75062
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: tmisteli@ghidottiberger.com

*By:* _____
Thomas M. Misteli SBN: 24058774
*Attorneys for Defendants*